

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3540
bgfelder@foley.com EMAIL

CLIENT/MATTER NUMBER
093966-0141

February 13, 2017

<u>Via ECF</u>

Honorable Kiyo A. Matsumoto
U.S. District Judge
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Vassel v. FirstStorm Properties 2 LLC et al.*,
>        Case No. 17-cv-691-KAM-RER

Dear Judge Matsumoto:

On behalf of Mortgage Electronic Registration Systems, Inc. ("MERS"), I write to request a pre-motion conference regarding the above-captioned action, which was filed by Paul Anthony Vassel ("Plaintiff") in Queens County Supreme Court and removed to this Court.[1]  MERS seeks dismissal of the action with prejudice and an injunction against further lawsuits relating to the commercial mortgage at issue.

This Court is no stranger to the facts and issues raised by Plaintiff's current lawsuit. Plaintiff's complaint repeats the very same claims raised by his father, Paul Vassel (on whose behalf Plaintiff purports to sue),[2] in two prior actions in this Court:  (1) *FirstStorm Partners 2 LLC v. Vassel*, Case No. 10-cv-2356 ("*Vassel I*"), an action to foreclose the commercial mortgage on property at 109-18 Merrick Boulevard in Queens (the "Property") against Paul Vassel and Kaye Vassel as borrowers; and (2) *Vassel v. Greystone Bank*, Case No. 12-cv-5704 (E.D.N.Y.) ("*Vassel II*"), a collateral attack on the foreclosure brought by the Vassels against the foreclosing lender, its predecessors in interest, and various of their officers, attorneys and affiliates, alleging that the mortgage and foreclosure process were tainted by fraud, that alleged assignments to or from MERS invalidated the mortgage foreclosure process and/or deprived the foreclosure plaintiffs of standing, that the Vassels' constitutional rights were violated, and that the defendants violated federal statutes, including the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").

---

[1] A copy of the complaint is attached hereto.

[2] Plaintiff sues as "Paul Anthony, son of Vassel, living man, Executor Ex Relatione PAUL VASSEL." Although the nature of Plaintiff's representation of the elder Mr. Vassel (or his estate) is not clear, Plaintiff appears to allege that he represents and/or is in privity with the Paul Vassel who was a party to the prior lawsuits.

BOSTON          JACKSONVILLE     MILWAUKEE        SAN DIEGO           SILICON VALLEY
BRUSSELS        LOS ANGELES      NEW YORK         SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO         MADISON          ORLANDO          SAN FRANCISCO       TAMPA
DETROIT         MIAMI            SACRAMENTO       SHANGHAI            TOKYO
                                                                     WASHINGTON, D.C.

4813-6698-1699.1



**FOLEY & LARDNER LLP**

Honorable Kiyo A. Matsumoto
February 13, 2017
Page 2

In the instant lawsuit, Plaintiff alleges, in form or substance, the very same claims and arguments raised by the Vassels in their Answer and motion to vacate the judgment in *Vassel I* and in their pleadings in *Vassel II*. Indeed, Your Honor has already ruled on these very claims no less than three times, having granted summary judgment in the foreclosure action (*Vassel I*, ECF No. 41), denied a motion to vacate that judgment (*Vassel I*, ECF No. 83), and dismissed the related lawsuit challenging the foreclosure (*Vassel II*, ECF No. 34). Attendant to these rulings, the Court held an evidentiary hearing to address the Vassels' claim that the foreclosure sale never occurred. In ruling against the Vassels, the Court went so far as to review the security camera footage of the foreclosure sale that took place outside the Courthouse in September 2012. In short, the Vassels have had their day in court, and more.

This Court's holding in *Vassel II*, finding that the Vassels' claims were barred under the doctrines of issue preclusion and claim preclusion, governs here. As the Court held:

> [T]he Vassels litigated and/or were afforded a full and fair opportunity to litigate all of the issues presented in their instant claims in *Vassels I*, and all of their instant claims arise out of the same transactions or series of events adjudicated on the merits in *Vassels I*. (*Vassel II*, ECF No. 34, at 18.)

For these same reasons, Plaintiff's claims here should be dismissed.

Even were the Court to reach the merits of Plaintiff's complaint, which it should not, Plaintiff's claims fail on numerous grounds. For example, among other deficiencies:

- All of Plaintiff's claims fail to meet either the minimum pleading standards under Fed. R. Civ. P. 8 or the more exacting standards for fraud claims under Fed. R. Civ. P. 9;

- Plaintiff's claims concerning lack of standing fail because the assignments at issue, which are incorporated by reference in the complaint, and which were submitted as exhibits to the original foreclosure complaint in *Vassel I*, establish unequivocally that the note and mortgage at issue were properly assigned and vested in the foreclosing plaintiffs;

- Plaintiff's constitutional claims fail because Plaintiffs cannot allege that any of the parties is a state actor (*see Vassel II*, ECF No. 34, at 24 n.2; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 161-63 (1978));

- Plaintiff's RESPA and TILA claims fail because the mortgage, which is incorporated by reference in the complaint, and which was submitted as an exhibit to the original foreclosure complaint in *Vassel I*, related to commercial, not residential property (*see* Rept. & Rec. on Summary Judgment in *Vassel I*, ECF No. 39, at 15-16);

4813-6698-1699.1



**FOLEY & LARDNER LLP**

Honorable Kiyo A. Matsumoto
February 13, 2017
Page 3

- Plaintiff's state law fraud claims and its RESPA and TILA claims are time-barred under the statutes of limitations governing those claims, which accrued no later than 2010, and, in some instances, as early as 2008 (*see* CPLR 213 (six years for fraud claims); 15 U.S.C. §§ 1635(f), 1640(e), 12 U.S.C. § 2614 (one year for damages or three years from the execution of the mortgage for rescission under both RESPA and TILA)).

Even with deference to Plaintiff's *pro se* status, the complaint is utterly deficient and should be dismissed.

Further, we have a serious concern that, even if this action is dismissed with prejudice, Plaintiff or his family members may be undeterred from filing further, vexatious lawsuits. Given that this is the third action in which the Vassels have sought the very same relief, an injunction against further suits is warranted. *See Brady v. Goldman*, No. 16-cv-2287, 2017 U.S. Dist. LEXIS 4323 (S.D.N.Y. Jan. 10, 2017) (enjoining repeat *pro se* litigant from bringing further lawsuits for the same claims where, *inter alia*, plaintiff's "litigation has strained the resources of both the federal and state judiciary and provoked needless expense among the parties, both private and public").

MERS respectfully requests a conference to discuss a motion on the above grounds.

Respectfully submitted,

/s/

Barry G. Felder

Attachment: Complaint

cc:     Counsel of Record (via ECF)
        Paul Anthony Vassel (via FedEx: 109-18 Merrick Boulevard, Jamaica, New York 11433)

4813-6698-1699.1