```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL ANTHONY VASSEL, son of Vassel,
living man, Executor Ex Relatione
Paul Vassel,
                                              ORDER
        Plaintiff,
                                              17-CV-691(KAM)(RER)
-against-

FIRSTSTORM PROPERTIES 2, LLC;
FIRSTSTORM PARTNERS 2, LLC;
GREYSTONE BANK AKA GREYSTONE
MULTIUNIT, LLC & GREYSTONE COMPANY,
INC., TRUSTEE (TBD) AS TRUSTEE FOR
SECURITIZED TRUST (TBD) SERVICER
(TBD); MORTGAGE ELECTRONIC
REGISTRATION SYSTEM AKA "MERS";
MICHAEL F. KING; PLAZA GARDENS REAL
ESTATE CORP.; WILLIAM MCDONALD;
MARK R. CASHMAN; ALBERT BASAL;
FARREL R. DONALD; STEPHEN SAMUEL
WEINGRAUB; DAVID GONGORA; JEFFREY
A. BODOFF; THE ABRAMSON LAW GROUP,
PLLC; OLD REPUBLIC NATIONAL TITLE
INSURANCE CO.; TRIMONT NATIONAL
REAL ESTATE ADVISORS; DOES 1-100,

        Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

The court assumes familiarity with the factual and procedural history of this action. As set forth more fully in the prior orders of this court (*see* Order to Show Cause, ECF No. 25; April 19, 2017 Minute Entry and Order), and in the Mandate issued by the Second Circuit on October 12, 2018 ("Mandate," ECF No. 52), *pro se* plaintiff Paul Anthony Vassel, son of Vassel, living man, Executor Ex Relatione Paul Vassel ("Vassel")

commenced this action against several defendants in connection with a foreclosure proceeding initiated against him after he defaulted on a mortgage. This court dismissed Vassel's complaint as barred by both claim and issue preclusion, and entered a filing injunction.

The Second Circuit subsequently affirmed the dismissal of Vassel's complaint, but vacated, in part, the filing injunction and remanded this action to this court with instructions to enter a revised injunction. (*See generally* Mandate.) This Order is issued in compliance with the Mandate of the Second Circuit.

## **Injunction**

IT IS HEREBY ORDERED:

1) Vassel, and any other individual or entity acting or purporting to act on behalf of Vassel, are hereby ENJOINED from commencing further lawsuits in the United States District Court for the Eastern District of New York (i) relating to the property located at 109-18 Merrick Boulevard, Jamaica, New York (the "subject property"); (ii) relating to the commercial mortgage on the subject property, the foreclosure on the commercial mortgage on the subject property, and/or the sale of the subject property; or (iii) against any person or entity named as a defendant in the actions before this court assigned

case numbers 10-CV-2356, 12-CV-5704, or 17-CV-691,[1] without first obtaining leave of the United States District Court for the Eastern District of New York in the manner set forth in this Order;

2) Vassel, and any other individual or entity acting or purporting to act on behalf of Vassel, are further ENJOINED from commencing any action in the United States District Court for the Eastern District of New York, or in a New York State Court from which an action may be removed, against any person or entity named as a defendant in the actions before this court and assigned case numbers 10-CV-2356, 12-CV-5704, or 17-CV-691, without first obtaining leave of the United States District Court for the Eastern District of New York in the manner set forth in this Order;

3) Vassel, and any other individual or entity acting or purporting to act on behalf of Vassel, are further ENJOINED from filing and serving any demands for information, writs, W-9, 1099, or other federal, state or local tax forms, and UCC forms, concerning any named defendant or attorney in the 10-CV-2356 action, the 12-CV-5704 action, and the instant 17-CV-691 action;

---

[1] Vassel also sought to remove to this court a state court holdover proceeding in which Firststorm Properties 2, LLC, a named defendant in this and other actions before this court, sought to evict a company affiliated with Vassel from the premises at the foreclosed-upon property. (*See* Order Remanding Action to State Court, Case No. 13-CV-987(KAM)(RER), ECF No. 4.) This court remanded the action to state court shortly after Vassel filed the Notice of Removal. (*Id.*)

4) Vassel is ORDERED to vacate all notices of pendency against the subject property and all UCC filings against defendants and/or their counsel; and

5) Vassel, and any other individual or entity acting or purporting to act on behalf of Vassel are further ORDERED to attach a copy of this Order to any future claim, complaint, or order to show cause filed in the United States District Court for the Eastern District of New York, or in a New York State Court from which an action may be removed against any person or entity named as a defendant in the 10-CV-2356 action, the 12-CV-5704 action, or the instant 17-CV-691 action.

6) To obtain leave of the court to commence an action as required by this Order, Vassel, and any other individual or entity acting or purporting to act on behalf of Vassel, must adhere to the following procedure:

    a. First, the plaintiff must file a motion on the Miscellaneous docket of the United States District Court for the Eastern District of New York captioned, "Motion Pursuant to Court Order Seeking Leave to File."

    b. Second, as Exhibit 1 to that motion the plaintiff must attach a copy of the proposed complaint.

    c. Third, as Exhibit 2 to that motion, the plaintiff must attach a copy of this Order.

d. Fourth, and as Exhibit 3 to that motion, the plaintiff must attach either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new claim that has never been raised by him in any court.

e. Fifth, and as Exhibit 4 to that motion, the plaintiff must identify, by listing the full caption, each and every action previously filed or caused to be filed by Vassel or on his behalf in any court against each and every defendant to the suit the plaintiff wishes to file.

f. Sixth, the plaintiff must attach as separate exhibits to the motion required by this paragraph 6 a copy of each complaint he filed, or caused to be filed, or filed on his behalf in an action identified pursuant to paragraph 6(e), and a certified record of its disposition (*i.e.*, the first such complaint and certified record of disposition must be attached as Exhibit 5, the next such complaint and certified record of disposition must be attached as Exhibit 6, and any further complaint(s) and certified record(s) of

          disposition(s) must also be attached, with exhibit numbering continuing as necessary).

    g. Seventh, the plaintiff must serve a copy of this Order on each defendant if and when leave to serve the complaint in the new case is granted.

7) Failure to comply with foregoing procedure in paragraph 6 may be sufficient grounds for a court to deny any motion for leave to file a new action made by Vassel, and by any other individual or entity acting or purporting to act on behalf of Vassel.

8) Further, the failure by Vassel, and by any other individual or entity acting or purporting to act on behalf of Vassel, to advise a court of this Order where Vassel, or any other individual or entity acting or purporting to act on behalf of Vassel, has filed a lawsuit that is subject to the terms of this Order, or otherwise to comply with this Order, may be considered by such court to be sufficient grounds to deny any motion for leave to file an action and to sustain a motion to dismiss such a lawsuit.

9) Finally, violation of the injunction set forth in this Order will very likely result in sanctions, which may include a monetary penalty and/or contempt.

The Clerk of Court is respectfully directed to mail a copy of this Order to Vassel at his address of record, and to note service on the docket.

**SO ORDERED.**

Dated:   October 23, 2018
         Brooklyn, New York

                                       /s/
                              Hon. Kiyo A. Matsumoto
                              United States District Judge